IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02509-PAB-MEH

BRIAN L. BRACKETT,

    Plaintiff,

v.

THE JEFFERSON COUNTY SHERIFF,
WELLPATH LLC,
ARAMARK FOOD CORPORATION, and
CLEAR CARE SOLUTIONS,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff Brian L. Brackett, a pro se prisoner, alleges violations of his constitutional rights by Defendants. ECF 64. He brings claims pursuant to 42 U.S.C. § 1983 in his Second Amended Complaint ("SAC") against Defendants in their individual and official capacities for violations of the Fifth, Eighth, and Fourteenth Amendments. *Id*. Before the Court are the motions to dismiss filed by Defendant Jefferson County Sheriff and Defendant Wellpath, LLC ("Wellpath"). ECF 73; ECF 76. Although Plaintiff and the Jefferson County Sheriff filed consent forms indicating their affirmative consent to Magistrate Judge jurisdiction (ECF 23; 39), this case had to be reassigned pursuant to Local Rule 40.1(c)(3) due to the filing of a motion for default judgment. ECF 85. Consequently, this case was reassigned to Chief Judge Brimmer, who subsequently referred the pending motions to dismiss. As set forth below, this Court respectfully recommends granting both motions.

## FACTUAL BACKGROUND

The following are factual allegations (as opposed to legal conclusions, bare assertions, or conclusory allegations) made by Plaintiff in his SAC, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On August 15, 2021, Plaintiff arrived at the Jefferson County Jail as a pre-trial detainee. SAC at 7. He informed "medical staff" and deputies that he had no teeth and was allergic to mayonnaise. *Id.* He told them that he was in the process of getting new dentures but that he still could not eat the same food as everyone else. *Id.* "They" indicated to Plaintiff that "they" would talk to "medical" and set him a dental appointment. *Id.*

For a time, Plaintiff was placed in COVID-19 isolation. *Id.* During that isolation, Plaintiff spoke with "medical" and deputies about his meals every day until he was moved to general population. *Id.* Plaintiff alleges that he told the "medical staff" that he "was getting food [he] still could not eat or that was making [him] bleed." *Id.* at 9. Both the deputies and "medical" said they would get the issue fixed and "note it in [his] file." *Id.* at 7. They did not. *Id.* at 7, 9. "[M]edical staff" also told Plaintiff to "kite the kitchen," which Plaintiff notes is Defendant Aramark Food Corporation ("Aramark"). *Id.* at 9. He believes that Aramark and its supervisor, Lotoya Sayars, disregarded him "and the [m]edical staff at Jefferson County Jail." *Id.* at 12. Plaintiff alleges that he continued to receive foods that he could not eat, but he also was served meals that did not meet the required caloric intake. *Id.* "[T]hey" would take away cakes and other soft foods "and put carrot sticks [and] hard cookies." *Id.* The kitchen apparently told the deputies that Plaintiff "get[s] what [he] get[s]," and if he does not like it, he can put in a grievance. *Id.* Plaintiff did so. *Id.*

2

Regarding his dentures, Plaintiff contends that Wellpath and HSA Monica Albers ("HSA Albers")[1] violated his rights by not "taking [him] to go get [his] teeth, even though Medicare was already paying for it." *Id.* at 3. Although Plaintiff was told a dental appointment had been made, he sent a letter to his dentist to ask about the appointment and was told that "no one ever made a[n] appointment or even called about [him]." *Id.* at 10. He gave a copy of that letter to HSA Albers. *Id.* at 10. Plaintiff claims that HSA Albers had the paperwork "for over a month and a half" before she told him that "she was waiting on Jeffco to process [his] order." *Id.* HSA Albers told Plaintiff "not to worry[,] we[']ll get it taken care of!" *Id.* Plaintiff did not have a dental appointment "over the next 3 months," but "an appointment was set sometime in October" where he was seen. *Id.* at 16. There, the "dental lady" told him that "all they do is pull teeth," but that she would "get with HSA Monica Albers" to get the denture issue resolved. *Id.* Plaintiff claims that nothing was done. *Id.*

## LEGAL STANDARDS

I.   **Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not

---

[1] Neither the SAC nor Wellpath's motion to dismiss define "HSA."

entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 680. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

Plausibility refers "'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1192. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## II.     Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

As the earlier factual recitation indicated, Plaintiff alleges deliberate indifference regarding two issues. First, Plaintiff claims deliberate indifference in failing to provide him with the appropriate food given his lack of teeth. Second, Plaintiff asserts that the failure to take him to the dentist to receive his dentures constituted deliberate indifference. Plaintiff has brought his claims against all Defendants in their individual and official capacities. The Jefferson County Sheriff and Wellpath seek dismissal of all of Plaintiff's claims. For the reasons explained herein, the Court agrees with the Jefferson County Sheriff and Wellpath's arguments and respectfully recommends granting both motions to dismiss.

Plaintiff asserts claims for violations of the Fifth, Eighth, and Fourteenth Amendments. Claims asserting deliberate indifference to serious medical needs for prisoners arise under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Although Plaintiff is currently a prisoner, even pre-trial detainees who assert claims under the Fourteenth Amendment face the same standard as claims arising under the Eighth Amendment. *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020). "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)) (internal citation omitted). A claim for deliberate indifference must satisfy an objective and subjective component. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). A plaintiff meets the objective component by showing that "the harm suffered is sufficiently serious to implicate the Cruel and Unusual Punishment Clause." *Id.* (citation and quotation marks omitted). "To prevail on the subjective component, the prisoner must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Id.* (citation and quotation marks omitted).

**I.     Food Claim**

    A.    Individual Capacity Claim

The Jefferson County Sheriff asserts qualified immunity on the individual capacity claims against him. Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is an entitlement not to stand trial or face the other burdens of litigation. *Ahmad v. Furlong,* 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted). The privilege is an immunity from suit rather than a mere defense

to liability. *Id.* The defense of qualified immunity requires that "(1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct." *Estate of Smart by Smart v. City of Wichita*, 951 F.3d 1161, 1169 (10th Cir. 2020). The Supreme Court in *Pearson v. Callahan* emphasized that courts have the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." 555 U.S. 223, 236 (2009); *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009). Here, the Court will begin by analyzing whether Plaintiff states a plausible constitutional violation for deliberate indifference.

Before proceeding to the objective and subjective elements of a deliberate indifference claim, it is crucial to note that Plaintiff's claims against the Jefferson County Sheriff fail for lack of plausible allegations of personal participation. "Liability under § 1983 requires personal participation in the unlawful acts." *Beedle v. Wilson*, 422 F.3d 1059, 1072 (10th Cir. 2005) (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996)). The SAC is replete with allegations that unnamed *staff* and *deputies* acted contrary to Plaintiff's rights. But there is not a single allegation enabling the Court to conclude that the Jefferson County Sheriff personally participated in any of the actions (or inactions) described in the SAC.[2] On that basis alone, Plaintiff has failed to state a constitutional violation, and the Jefferson County Sheriff is entitled to qualified

---

[2] The Court notes that the SAC also names "Chief Reardon and staff" in addition to the Jefferson County Sheriff. ECF 64 at 2. To the extent Plaintiff intends to sue Chief Reardon, the claim fails against him for the same reason; namely, there are zero allegations to establish Chief Reardon's personal participation in any of the alleged acts. Likewise, to the extent Plaintiff's claims as they relate to the provision of appropriate food are levied against Wellpath, the claims fail for the same reason.

immunity.³ *See Kee v. Raemisch*, 793 F. App'x 726, 732 (10th Cir. 2019) (upholding district court's dismissal of pro se plaintiff's complaint for failure "to allege sufficient facts to show personal participation by many of the named defendants").

Even if Plaintiff had alleged personal participation, the claim still fails because Plaintiff does not establish the subjective component. Specifically, the Court finds that Plaintiff fails to show that the Jefferson County Sheriff knew of Plaintiff's medical needs and failed to take reasonable measures to remedy them. *Callahan*, 471 F.3d at 1159. Indeed, Plaintiff's SAC fails to mention the Jefferson County Sheriff at all. Accordingly, Plaintiff has not plausibly alleged a reckless disregard to his health and thus a plausible deliberate indifference claim against the Jefferson County Sheriff.

To the extent Plaintiff seeks to hold Jefferson County deputies liable, the claim also fails, because "[m]erely lumping [defendants] in with fifteen other medical professionals under the generic label 'defendants' or . . . 'health care providers' does not adequately plead a Section 1983 claim against" the defendants. *Walker v. Mohiuddin*, 947 F.3d 1244, 1250 (10th Cir. 2020). Thus, Plaintiff's extensive use of "deputies" and "medical staff" throughout his allegations fails to state a plausible claim.

B.     Official Capacity Claim

Plaintiff has sued the Jefferson County Sheriff in his official capacity. A suit against an individual in his official capacity is akin to suit against the governmental entity itself, *Heidel v. Mazzola*, 851 F. App'x 837, 840 (10th Cir. 2021), which is known as a *Monell* claim after the titular Supreme Court case: *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658

---

³ The Court notes that the absence of allegations is true for the dentures claim as well, so to the extent Plaintiff seeks to hold the Jefferson County Sheriff liable for failure to take him to get his dentures, the claim similarly fails.

(1978). As such, the "municipal-liability cases apply." *Heidel*, 851 F. App'x at 840. Therefore, Plaintiff "must show (1) an official government policy or custom, (2) that caused a constitutional injury, and (3) requisite state of mind." *Id.* (citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013)).

However, a prerequisite to a *Monell* claim is an underlying constitutional violation. *Ellis ex rel. Estate of Ellis v. Ogden City*, 589 F.3d 1099, 1104–05 (10th Cir. 2009); *Licerio v. Lamb*, No. 20-cv-00681-WJM-STV, 2021 WL 4167341, at *7 (D. Colo. Sep. 14, 2021) (noting that a plaintiff "must plausibly allege the existence of a constitutional violation to sustain a *Monell* claim"). Here, the Court has found that Plaintiff has not alleged a plausible constitutional violation because of a lack of allegations establishing either personal participation or the subjective component. Therefore, Plaintiff's official capacity claim must necessarily fail. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317–18 (10th Cir. 2002) ("We will not hold a municipality liable for constitutional violations when there was no underlying violation by any of its officers.") (cleaned up); *Chilson v. Romer*, 61 F.3d 915 (Table), 1995 WL 452504, at *2 (10th Cir. 1995) (unpublished) ("*Monell* creates no claim for relief in the absence of personal involvement by an individual defendant."); *Saxton v. Lucas*, No. 15-cv-00255-CMA-MJW, 2015 WL 13738075, at *7 (D. Colo. Oct. 27, 2015) (recommending dismissal of *Monell* claim because the court found lack of plausible allegations of personal participation by the defendant), *recommendation adopted*, 2016 WL 750697 (D. Colo. Feb. 26, 2016).

**II.    Dentures Claim**

    A.    Individual Capacity Claim

As with the Jefferson County Sheriff on the provision of appropriate food claim, Plaintiff's SAC fails to establish the subjective component as to Wellpath on the dentures claim. Plaintiff's

9

allegations show that after he informed the "medical staff" that he had no teeth, the "medical staff" told him they would "take care of it." ECF 64 at 9, 12. When Plaintiff reported that the kitchen was still giving him food he could not eat, the "medical staff" recommended that he send a kite to the kitchen. *Id*. at 9. Plaintiff claims that he did not receive an immediate appointment with the dental staff, but he does acknowledge that received such an appointment "sometime in October 2021." *Id.* at 16. There are no allegations to suggest that the delay in receiving the appointment was attributable to Wellpath or HSA Albers. Although the "dental lady" could not assist him with his dentures because "all they do is pull teeth," the "dental lady" told him she would "get with" HSA Albers to resolve the issue. *Id*. Thereafter, Plaintiff asserts that he provided HSA Albers with a letter from his dentist showing he had started the procedures for receiving dentures, and HSA Albers informed him that she was "waiting on Jeffco to process" the paperwork. *Id*. at 10. Although this took "over a month and a half," Plaintiff alleges no facts indicating that any delay was due to actions or inactions of HSA Albers or Wellpath.

The allegations in the SAC do not establish that Wellpath or HSA Albers "knew [Plaintiff] faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan*, 471 F.3d at 1159. To the contrary, the allegations show that HSA Albers acted to resolve the dentures issue but faced delays in the processing of paperwork from "Jeffco." To the extent that Plaintiff seeks to hold Wellpath and HSA Albers liable for the acts of "medical staff," Plaintiff's allegations fail to state a claim because "a complaint must make clear exactly who is alleged to have done what to whom." *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008). As with the food claim, Plaintiff cannot lump defendants together under a generic label to adequately plead a Section 1983 claim. *Walker*, 947 F.3d at 1250. Because Plaintiff's allegations

do not establish the subjective component of a deliberate indifference claim as to the issue with his dentures, Wellpath's motion to dismiss should be granted on this claim.

B.  Official Capacity Claim

Similar to a municipality, in the Tenth Circuit, a private entity working on the state's behalf can be liable under Section 1983 only through the municipal liability framework established by *Monell*. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). Again, because Plaintiff has failed to establish an underlying constitutional violation, no *Monell* liability can exist. *Ellis*, 589 F.3d at 1104–05. For reasons already explained, the Court respectfully recommends the dismissal of this claim.

### III.  No Leave to Amend

Having found Plaintiff insufficiently pleaded his claims, the Court now turns to the issue of whether dismissal of the claims should be with or without prejudice. Generally, in a case involving a pro se litigant, the Tenth Circuit has held that if "it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). "Particularly where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements, dismissal of the complaint without prejudice is preferable." *Id.* However, "[c]omplaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'" *Fleming*, 573 F. App'x at 769 (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).

In this case, Plaintiff has amended his complaint twice. The most recent amendment came after the Jefferson County Sheriff (then, named as Jefferson County Administration) had already filed a motion to dismiss. ECF 44. Despite these opportunities to amend, and even being aware of at least some of the arguments for dismissal, Plaintiff has failed to plausibly allege his claims. If the Court were to grant leave again, there is little reason to think the outcome on a future motion to dismiss would be any different. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ("We have stated that '[d]ismissal of a pro se complaint for failure to state a claim is proper only where . . . it would be futile to give him an opportunity to amend.'" (quoting *Perkins*, 165 F.3d at 806)). Plaintiff requests the opportunity to engage in discovery to prove his claims. ECF 79: ECF 88. However, "Rule 12(b)(6) does not allow a plaintiff to file a complaint devoid of supporting facts as a vehicle to commence discovery on the off chance [s]ome facts might exist which could support a plausible claim." *Roth v. Wilder*, 420 F. App'x 804, 805 (10th Cir. 2011). Because the Court finds that further amendment would be futile, the Court respectfully recommends that Plaintiff's claims against the Jefferson County Sheriff and Wellpath be dismissed with prejudice.

## CONCLUSION

Accordingly, the Court respectfully recommends **granting** the Jefferson County Sheriff's motion to dismiss [filed April 26, 2022; ECF 73] and Wellpath's motion to dismiss [filed May 3, 2022; ECF 76]. All claims against the Jefferson County Sheriff and Wellpath should be dismissed with prejudice, and the Jefferson County Sheriff should be found entitled to qualified immunity on the individual capacity claims against him.[4]

---

[4] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to

Respectfully submitted this 24th day of June, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

13