IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02509-PAB-MEH

BRIAN L. BRACKETT,

    Plaintiff,

v.

THE JEFFERSON COUNTY SHERIFF,
WELLPATH LLC,
ARAMARK FOOD CORPORATION, and
CLEAR CARE SOLUTIONS,

    Defendants.

---

### AMENDED RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Plaintiff Brian L. Brackett, a pro se prisoner, alleges violations of his constitutional rights by Defendants. ECF 64. He brings claims pursuant to 42 U.S.C. § 1983 in his Second Amended Complaint ("SAC") against Defendants in their individual and official capacities for violations of the Fifth, Eighth, and Fourteenth Amendments. *Id*. Before the Court is the Motion to Dismiss filed by Defendant Aramark Food Corporation ("Aramark"). ECF 121. Although Plaintiff and the Jefferson County Sheriff filed consent forms indicating their affirmative consent to Magistrate Judge jurisdiction (ECF 23; 39), this case had to be reassigned pursuant to Local Rule 40.1(c)(3) due to the filing of a motion for default judgment. ECF 85.[1] Consequently, this case was reassigned

---

[1] The motion for default judgment was ultimately denied, and the Court permitted Aramark to participate in this case.

to Chief Judge Brimmer, who subsequently referred the Motion. ECF 122. As set forth below, this Court respectfully recommends **granting** the Motion.

## BACKGROUND

The following are factual allegations (as opposed to legal conclusions, bare assertions, or conclusory allegations) made by Plaintiff in his SAC, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On August 15, 2021, Plaintiff arrived at the Jefferson County jail as a pre-trial detainee. SAC at 7. He informed "medical staff" and deputies that he had no teeth and was allergic to mayonnaise. *Id.* He told them that he was in the process of getting new dentures but that he still could not eat the same food as everyone else. *Id.* From September 1, 2021 until November 30, 2021, Plaintiff alleges that the deputies noted the food that he was being fed, but reported that "Aramark . . . will not listen to them." *Id.* at 8.

For a time, Plaintiff was placed in COVID-19 isolation. *Id.* During that isolation, Plaintiff spoke with "medical" and deputies about his meals every day until he was moved to general population. *Id.* Plaintiff alleges that he told the "medical staff" that he "was getting food [he] still could not eat or that was making [him] bleed." *Id.* at 9. "[M]edical staff" told Plaintiff to "kite the kitchen," which Plaintiff contends is Aramark. *Id.* at 9. He believes that Aramark and its supervisor, Lotoya Sayars, disregarded him "and the [m]edical staff at Jefferson County Jail." *Id.* at 12. Plaintiff contends that Aramark violated his rights by continuing to bring him food that he could not eat, even when other inmates received food that he could eat. *Id.* "[T]hey" would take away cakes and other soft foods "and put carrot sticks [and] hard cookies." *Id.* The kitchen apparently told the deputies that Plaintiff "get[s] what [he] get[s]," and if he does not like it, he can put in a grievance. *Id.* Plaintiff did so. *Id.*

Plaintiff alleges that throughout the course of his time at the Jefferson County jail, he suffered weight loss and bleeding in his mouth due to the disregard of Aramark. *Id.* at 11, 13. After complaining to the deputies about the bleeding in his mouth, he alleges that again, he was told to "put in a kite to the kitchen." *Id.* at 13. He put in a "kite after kite to the kitchen over the food" and had deputies report his inadequate food every day. *Id.* at 19. Plaintiff alleges that "they" told him "we don't have a menu for your needs." *Id.* at 15. He also alleges that he was served meals that did not meet the required caloric intake for the Jefferson County jail. *Id.* at 12.

## LEGAL STANDARDS

### I. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 680. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

Plausibility refers "'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not

nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1192. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

**II.     Treatment of a Pro Se Plaintiff's Complaint**

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561

4

F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

As the earlier factual recitation indicated, Plaintiff primarily alleges Aramark failed to provide him with the appropriate food given his lack of teeth. *See* SAC. Aramark seeks to dismiss all of Plaintiff's claims. *See* Mot. at 1, 2. For the reasons explained herein, the Court agrees with the Aramark's arguments and respectfully recommends granting the Motion to Dismiss.

### I. Conditions of confinement claims under *Monell*

In the Tenth Circuit, a private entity working on the state's behalf, like Aramark, can be liable under Section 1983 only through the municipal liability framework established by *Monell*. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003); *see generally Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Therefore, Plaintiff "must show (1) official [company] policy or custom, (2) that caused a constitutional injury, and (3) requisite state of mind." *Heidel v. Mazzola*, 851 Fed. App'x 837, 840 (10th Cir. 2021) (citing *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013)). Here, Plaintiff alleges that he was told "we don't have a menu for your needs." SAC at 15. He also alleges that he sent "kites" to the kitchen on a regular basis and even sent a picture of his mouth to Aramark employee Lotoya

5

Sayars. *Id.* at 12, 13. However, as Aramark points out, he pleads no facts to support that Aramark controls the menu. Mot. at 2, 6. In the SAC, he alleges Aramark works off a set menu, although he does not allege who sets it. ECF 64, 4. He alleges no Aramark policy or custom that caused his injury. Failing the first element of a *Monell* claim, the Court finds that Plaintiff's SAC does not properly allege Aramark's liability.

Even if Plaintiff had properly alleged an Aramark policy that caused his injury, a prerequisite to a *Monell* claim is an underlying constitutional violation. *Ellis ex rel. Estate of Ellis v. Ogden City*, 589 F.3d 1099, 1104-05 (10th Cir. 2009); *Licerio v. Lamb*, No. 20-CV-00681-WJM-STV, 2021 WL 4167341, at *7 (D. Colo. Sep. 14, 2021) (noting that a plaintiff "must plausibly allege the existence of a constitutional violation to sustain a *Monell* claim"). Here, Plaintiff asserts claims for violations of his Fifth, Eighth, and Fourteenth Amendment rights. SAC at 13. Plaintiff's statement of facts appears to assert food deprivation and unconstitutional conditions of confinement claims. *See Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980). Pre-trial detainees who assert conditions of confinement claims under the Fourteenth Amendment, like the Plaintiff, face the same standard as convicted inmate claims arising under the Eighth Amendment. *Preece v. Cooke*, No. 13-03265-REB-KLM, 2014 WL 6440406, at * 10 (D. Colo. Nov. 17, 2014) (noting that "pretrial detainees are protected under the Fourteenth Amendment's Due Process Clause rather than the Eight Amendment's proscription against cruel and unusual punishment.").

"To state a claim for food deprivation, a prisoner must allege both (1) a 'sufficiently serious' deprivation of 'the minimal civilized measure of life's necessities' and (2) 'deliberate indifference' by prison officials to a 'substantial serious harm to an inmate.'" *Strope v. Sebelius*, 189 Fed. App'x 763, 766 (10th Cir. 2006) (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th

6

Cir. 1998)). Under the first element, Plaintiff is entitled to "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and wellbeing of the inmates who consume it." *Ramos*, 639 F.2d at 571. Plaintiff is not, however, entitled to food that is "delicious or even appetizing." *Gates v. Huibregtse*, 69 Fed. App'x 326, 327 (7th Cir. 2003). Here, Plaintiff alleges that he could not eat the food provided to him but admits that he was told "you get what you get or we can blend your food into a shake!" SAC at 15. Under a liberal reading of Plaintiff's claims, it is unclear whether Plaintiff availed himself of this alternative or whether it was a genuine offer of accommodation. He proposes other, less "gross" food for Aramark to provide but does not allege facts to support the proposition that the shakes purportedly offered to him amounted to a denial of life's necessities. *See* SAC at 22. Indeed, prison conditions may be "restrictive and even harsh" without being unconstitutional. *Barney*, 143 F.3d at 1311 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "[T]he seriousness and length of the alleged deprivations . . . are essential elements of a conditions of confinement claim." *Craig v. Eberly*, 164 F.3d 490, 496 (10th Cir. 1998). Here, Plaintiff also alleges that his meals do not meet the required caloric intake for the Jefferson County jail, but he only describes one incident when he received a half portion of food. *Id.* at 12, 17. He does not otherwise describe the food he regularly received beyond mentioning a few items and stating that he was given hard food that he could not chew. Therefore, the Court finds that Plaintiff does not allege facts to support "sufficiently serious" deprivation of food.

Plaintiff does not meet the second element to state a claim for food deprivation either, failing to properly allege Aramark's deliberate indifference to his harm. The deliberate indifference test requires that the defendant be aware of the substantial harm and thereafter be aware of and fail to take reasonable steps to alleviate the harm. *E.g., Perry v. Durborow*, 829 F.3d

7

1116, 1122 (10th Cir. 2018).  Here, Plaintiff alleges that Aramark ignored the many "kites" he sent to the kitchen, including a picture of his mouth. *Id.* at 12, 13. However, Plaintiff does not adequately allege that Aramark failed to take reasonable measures to avoid harming him, since he does not allege Aramark controlled the menu. Because Plaintiff fails to allege facts to support his claim that Aramark violated his constitutional rights, or that Aramark is liable for his injuries under *Monell*, the Court recommends the dismissal of Plaintiff's claims against Aramark.

## II.     Leave to Amend

Tenth Circuit precedent holds that "dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'" *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).  Here, the Court does not believe that allowing amendment would necessarily prove futile.  For instance, Plaintiff may be able to describe what food he was fed on a regular basis, if he was sincerely offered food in the form of a shake, and whether the shakes he received or could have received met the required caloric intake for the Jefferson County jail or some other objective standard for nutrition or caloric intake, or that the calories were insufficient to the point of constituting a serious risk to his health. He may also be able to allege an Aramark custom or policy that prevented him from receiving adequate food given his condition. Therefore, in the interest of justice and for lack of obvious futility, the Court grants Plaintiff leave to amend his pleading.

**CONCLUSION**

Accordingly, the Court respectfully recommends **granting** the Aramark's motion to dismiss [filed August 1, 2022; ECF 121][2] **without prejudice with leave to file a third amended complaint**.[3]

Respectfully submitted this 26th day of October, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2] The Court notes that it incorrectly referenced the Defendant's prior motion to dismiss (ECF 73) in the Conclusion section of its original recommendation (ECF 130).

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).