IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02509-PAB-MEH

BRIAN L. BRACKETT,

    Plaintiff,

v.

THE JEFFERSON COUNTY SHERIFF,
WELLPATH, LLC,
ARAMARK FOOD CORPORATION, and
CLEAR CARE SOLUTIONS,

    Defendants.

___

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATIONS
___

This matter is before the Court on the Recommendation of United States Magistrate Judge filed on June 24, 2022 [Docket No. 105] and the Amended Recommendation of United States Magistrate Judge filed on October 26, 2022 [Docket No. 131]. The first recommendation addresses the motions to dismiss filed by defendant Jefferson County Sheriff and defendant Wellpath, LLC ("Wellpath"). Docket No. 105 at 1. The amended recommendation addresses the motion to dismiss filed by Aramark Food Corporation ("Aramark"). Docket No. 131 at 1.[1]

---

[1] The magistrate judge originally issued a recommendation to grant Aramark's motion to dismiss on October 19, 2022. Docket No. 130 at 9. The magistrate judge amended the recommendation on October 26, 2022, noting that the judge incorrectly referenced the wrong docket number in the conclusion section of his original recommendation. Docket No. 131 at 9 n.2.

## I. BACKGROUND

The facts are set forth in the magistrate judge's recommendations, Docket Nos. 105 at 2-3, 131 at 2-3, and the Court adopts them for the purposes of ruling on the objections. In his second amended complaint, Mr. Brackett brings claims pursuant to 42 U.S.C. § 1983 against defendants in their individual and official capacities for violations of the Fifth, Eighth, and Fourteenth Amendments. Docket No. 105 at 1 (citing Docket No. 64). Jefferson County Sheriff, Wellpath, and Aramark filed motions to dismiss. *See* Docket Nos. 73, 76, 121.

With respect to the Jefferson County Sheriff and Wellpath, the magistrate judge recommends granting both motions to dismiss and recommends that plaintiff's claims against Jefferson County Sheriff and Wellpath be dismissed with prejudice. Docket No. 105 at 12. The magistrate judge recommends granting Aramark's motion to dismiss without prejudice, with leave to file a third amended complaint. Docket No. 131 at 9. Both recommendations state that any objections must be filed within fourteen days after service on the parties. Docket No. 105 at 12-13 n.4; Docket No. 131 at 9 n.3; *see also* 28 U.S.C. § 636(b)(1)(C). Mr. Brackett timely objected to the first recommendation on July 7, 2022. *See* Docket No. 112. No party has objected to the amended recommendation.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121*

*E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because plaintiff is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III. ANALYSIS

#### A. Recommendation on Jefferson County Sheriff's and Wellpath's Motions

The magistrate judge recommends dismissing the individual capacity and official capacity claims against the Jefferson County Sheriff, finding that he is entitled to qualified immunity and that Mr. Brackett failed to establish either personal participation or the subjective component of the deliberate indifference claim. Docket No. 105 at 6-9. The magistrate judge also recommends dismissing the claims against Wellpath, finding

that Mr. Brackett failed to establish the subjective component of the deliberate indifference claim. *Id.* at 9-11. The magistrate judge recommends that all claims against the Jefferson County Sheriff and Wellpath should be dismissed with prejudice because further amendment of plaintiff's complaint would be futile. *Id*. at 12. The magistrate judge notes that Mr. Brackett failed to plausibly allege his claims even though he amended his complaint twice, and that Mr. Brackett cannot commence discovery on the off chance he might uncover some plausible facts. *Id*.

Mr. Brackett objects to the recommendation and requests that the Court "not dismiss my case." Docket No. 112 at 1. Mr. Brackett alternatively requests that, if the Court is inclined to dismiss the case, the dismissal be without prejudice. *Id*. at 2, ¶ 2. Mr. Brackett notes that, when he gets out of prison, he wants to "get the rest of the paperwork I need to prove that the Jefferson County Jail/Staff and the nurses at Wellpath stalled me in getting names/ badge [numbers] of people I needed to bring them up in a proper suit." *Id*. Mr. Brackett states that he could not obtain this paperwork before because he was indigent. *Id*., ¶ 3. He also requests dismissal without prejudice so he can hire a lawyer to assist with his complaint. *Id*., ¶ 4.

Mr. Brackett's first objection to "not dismiss [his] case" is not specific because it provides no explanation why the legal conclusions in the recommendation are erroneous. *See generally id*.; *see also One Parcel of Real Prop. Known as 2121E. 30th St.*, 73 F.3d at 1059 (discussing how a specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.") The Court therefore overrules this objection. The Court has reviewed the

legal conclusions in the recommendation to satisfy itself that there is "no clear error on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

The Court reviews the magistrate judge's recommendation on dismissal with prejudice de novo because Mr. Brackett's objection to this portion of the recommendation was timely and specific.  *See* Docket No. 112 at 2.  The magistrate judge recommends dismissal with prejudice due to the futility of any further amendment.  Docket No. 105 at 12.  Mr. Brackett has already amended his complaint twice and has failed to plausibly allege claims against Jefferson County Sheriff or Wellpath.  *Id*.  In his objection, Mr. Brackett states he needs time to get "paperwork," but he does not explain what paperwork he seeks to obtain or how this paperwork would help him state a claim for relief against the Jefferson County Sheriff or Wellpath.  *See generally* Docket No. 112 at 2.  Plaintiff also does not explain how this paperwork would establish the personal participation of the Jefferson County Sheriff or the deliberate indifference of either defendant to his medical needs.  *See generally id*.  The Tenth Circuit has held that "[c]omplaints drafted by pro se litigants . . . are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim when 'it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him the opportunity to amend.'" *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014) (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999)).  Upon de novo review, the Court agrees with the magistrate judge that it would be futile to give

Mr. Brackett another opportunity to amend his pleading. Therefore, Mr. Brackett's objection is overruled. The Court finds that the claims against Jefferson County Sheriff and Wellpath should be dismissed with prejudice.

### B. Amended Recommendation on Aramark's Motion

Neither party objected to the amended recommendation addressing Aramark's motion to dismiss. The Court has reviewed the amended recommendation to satisfy itself that there is "no clear error on the face of the record." *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the amended recommendation is a correct application of the facts and the law.

### IV. CONCLUSION

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 105] is **ACCEPTED**. It is further

**ORDERED** that plaintiff's Motion in Response to Recommendation of Granting Motions to Dismiss [Docket No. 112] is **OVERRULED**. It is further

**ORDERED** that Defendant Jefferson County Sheriff's Motion to Dismiss Second Amended Prisoner Complaint [Docket No. 73] is **GRANTED**. It is further

**ORDERED** that Defendant Wellpath, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint [Docket No. 76] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims against Jefferson County Sheriff and Wellpath are **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Amended Recommendation of United States Magistrate Judge [Docket No. 131] is **ACCEPTED**. It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 130] is **REJECTED AS MOOT**. It is further

**ORDERED** that Defendant Aramark Correctional Services LLC's (incorrectly named as Aramark Food Corporation) Motion to Dismiss Plaintiff's Second Amended Complaint [Docket No. 121] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims against Aramark are **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that plaintiff may file a third amended complaint against Aramark on or before **December 12, 2022**. It is further

**ORDERED** that defendants Jefferson County Sheriff and Wellpath are terminated from the case.

DATED November 21, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge